Bryan Christopher Castaneda, Esq.  State Bar No. 275095
bryanchristophercastaneda@gmail.com
LAW OFFICES OF MICHAEL E. REZNICK
A Professional Corporation
283 Ocho Rios Way
Oak Park, California 91377-5540
Tel: (818) 437-5630 - reznagoura@aol.com

Attorney for Plaintiff JOHN DOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISON

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, *et al*., THE STATE OF CALIFORNIA, *et al.*<br><br>          Defendants. | Case No.<br><br>**COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff JOHN DOE, by and through his attorney, Bryan Christopher Castaneda of the Law Offices of Michael E. Reznick, hereby alleges as follows:

**INTRODUCTION**

1. Plaintiff JOHN DOE was sentenced to 100 days in the San Francisco County Jail and three years of formal probation for a crime that he did not commit- the threatening of former San Francisco District Attorney George Gascon in 2012 via Facebook.

2. JOHN DOE´s wrongful conviction was a result of serious misconduct and conflict of interests between the San Francisco Public Defender´s Office and the San Francisco District Attorney's Office. Attorneys representing JOHN DOE failed to advise him of their political endorsement of former San Francisco District Attorney George Gascon and JOHN DOE´s political opponent David Fernando Campos, according to filings with the San Francisco Ethics Commission.

3. No physical or forensic evidence ever inculpated JOHN DOE. JOHN DOE always said – truthfully - that he was innocent, no previous statements implicated him, either. The sole evidence incriminating him was being forced to plead guilty under the advice of the San Francisco Public Defender´s Office.

4. Even before Defendants 'most blatant misconduct and conflict of interest was revealed, it was clear that Defendants owed JOHN DOE a duty to disclose their conflict of interest in San Francisco Criminal Case CRI-12012897 & CRI-12012915. If it weren't for Defendants misconduct and failure to disclose their conflict of interest – JOHN DOE would have obtained a better outcome in San Francisco Criminal Case CRI-12012897 & CRI-12012915.

5. JOHN DOE´s conviction has yet to be reversed despite various attempts by private attorney´s representing JOHN DOE. JOHN DOE, has spent the last 12 years exiled from his native San Francisco as a result of Defendants´ blatant disregard to his Constitutional Rights to a Fair Trial under the 14th Amendment.

6. At the time of his wrongful arrest and prosecution, JOHN DOE was an aspiring Politician within the walls of San Francisco City Hall. JOHN DOE was running against Defendant David Fernando Campos in 2012 for his seat as San Francisco Board of Supervisor of District 9, according to 2011 filings with the San Francisco Ethics Commission.

# JURISDICTION

7. This Court has federal question jurisdiction, pursuant to 28 U.S.C § 1331, over the claims arising out of violation of the United States Constitution.

8. Jurisdiction is conferred by 28 U.S.C § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C § 1983 to redress the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of any right, privilege, or immunity secured by the Constitution of the United States of by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

9. This Court has supplemental jurisdiction over Plaintiff´s pendent state law claims pursuant to 28 U.S.C § 1367 (a).

# VENUE

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Northern District of California, the judicial district in which the claims arose and in which the Defendants conducted business.

# PARTIES

11. Plaintiff JOHN DOE is, and at all times relevant herein was, an individual residing in the State of California.

12. Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all times relevant herein was, a public entity existing in the State of California. At all times relevant to this action, the San Francisco Public Defender´s Office is and was a part of the City and County of San Francisco.

13. Defendant STATE OF CALIFORNIA is, and at all times relevant herein was, a State and public entity existing within the United States of America. At all times relevant to this action, the California Attorney General´s Office is and was a part of the State of California.

14. Upon information and belief, Defendant Kamala Devi Harris is a resident of the State of California and of this judicial district. At all relevant times herein, Defendant Kamala Devi Harris was elected as California Attorney General and acting in her individual

capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the State of California.

**15.** Upon information and belief, Defendant Peter J. Flores is a resident of the State of California and of this judicial district. At all relevant times herein, Defendant Peter J. Flores is an Assistant Attorney General and acting in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the State of California.

**16.** Upon information and belief, Defendant David Fernando Campos is a resident of the State of California and of this judicial district. At all relevant times herein, Defendant David Fernando Campos was elected as Supervisor of District 9 and acting in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

**17.** Upon information and belief, Defendant George Gascon is a resident of the State of California and of this judicial district. At all relevant times herein, Gascon was elected as San Francisco District Attorney and acting in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

**18.** Upon information and belief, Defendant Jeff Adachi is a resident of the State of California and of this judicial district. At all relevant times herein, Campos was elected as San Francisco Public Defender and acting in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

**19.** Upon information and belief, Defendant Matthew Edward Gonzalez is a resident of the State of California and of this judicial district. At all relevant times herein, Gonzalez is employed as Chief Attorney and acting in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

**20.** Upon information and belief, Defendant Vilaska Paulus Nguyen is a resident of the State of California and of this judicial district. At all relevant times herein, Nguyen is employed as Assistant Deputy Public Defender and acting in his individual capacity within the scope

of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City and County of San Francisco and the State of California.

## FACTUAL ALLEGATIONS

John Doe´s 2011 Filing Candidate Intention Statement.

**21.** In September 2011, JOHN DOE filed his intention to run against Defendant David Fernando Campos for his seat as San Francisco Board of Supervisor of District 9. JOHN DOE had previously worked as an intern with Defendant David Fernando Campos two years prior to his filing intention to run. JOHN DOE and Defendant David Fernando Campos had mutually parted ways due to political differences.

John Doe´s May 2012 arrest at US-Mexico Border.

**22.** In May of 2012, JOHN DOE was stopped and questioned by U.S. Border Patrol and U.S. Marshals while attempting reentry into the United States through the San Ysidro Border. JOHN DOE was visiting relatives and vacationing in Mexico. JOHN DOE was detained at the San Ysidro Border then transferred to San Diego County Jail where he remained incarcerated for a week prior to being transferred to the San Francisco County Jail.

John Doe´s 27 Felony Counts for alleged threats against George Gascon.

**23.** In May of 2012, JOHN DOE was also charged with 27 felony counts. The San Francisco District Attorney´s Office determined that JOHN DOE had threatened Defendant George Gascon via Facebook while JOHN DOE vacationed in Mexico. The San Francisco District Attorney´s Office ultimately decided to remove themselves from the criminal threats case due to their conflict of interest.

San Francisco Public Defender´s Office failure to disclose the conflict of interest that existed between John Doe and their representation of John Doe.

**24.** In May of 2012, the San Francisco Public Defender´s Office failed to inform JOHN DOE of their political endorsement of Defendant David Fernando Campos for District 9 Supervisor and Defendant George Gascon for San Francisco District Attorney.

John Doe plead guilty under the legal advice of the San Francisco Public Defender´s Office.

25. Instead of substituting their representation of JOHN DOE. Defendant, San Francisco Public Defenders Office continued to legally advise JOHN DOE in the criminal threats case against Defendant George Gascon.

26. In August of 2012, Defendant Vilaska Paulus Nguyen advised JOHN DOE to plead guilty, due to Defendant George Gascon´s political power and influence with Superior Court Judges.

27. Defendant Vilaska Paulus Nguyen advised JOHN DOE that of he didn´t plead guilty; he would be facing up to 12 years in State Prison.

28. Feeling confident in Defendant Vilaska Paulus Nguyen, JOHN DOE pleaded guilty to two felony counts of threats against a public official and one misdemeanor count of criminal threats. JOHN DOE was sentenced to 100 days in the County Jail and three years of formal Felony Probation.

Defendant David Fernando Campos´s endorsement of Defendant Vilaska Paulus Nguyen in 2019

29. On or about June of 2019 Defendants further confirmed their conflict of interest. Defendant David Fernando Campos publicly endorsed Defendant Vilaska Paulus Nguyen for San Francisco Board of Supervisor for District 7.

## **DAMAGES**

30. Defendants' actions deprived JOHN DOE of his civil rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of California.

31. This action seeks damages for the period from May 2012, through each and every year to the present. JOHN DOE´s liberty was curtailed upon his arrest on May of 2012. He remained incarcerated until late August of 2012. The damages suffered by JOHN DOE began in 2012 and are ongoing.

32. Defendants' unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions caused JOHN DOE to be arrested, tried, wrongfully convicted, and incarcerated for over 100 days and continued suffering.

6

33. Defendants' unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions caused JOHN DOE the following injuries and damages, which continue to date and will continue into the future: personal injuries; pain and suffering; severe mental anguish; emotional distress; loss of family relationships; severe psychological damage; damage to business and property; legal expenses; loss of income; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled monetary relief.

34. JOHN DOE suffered a number of physical injuries while wrongfully incarcerated, including but not limited to being threatened by other inmates, confused for gang affiliation, and resulted in permanent mental scarring, and developing anxiety.

35. As a result of his wrongful incarceration, JOHN DOE missed the opportunity to form a bond with his six nieces and nephews. JOHN DOE IS a stranger to his nieces and nephews and continues to struggle to develop a relationship with them as a result.

36. These injuries and damages to JOHN DOE were foreseeable to Defendants at the time of their acts and omissions.

37. Pursuant to California Government Code § 825(a), Defendants are entitled to indemnification because their individual liability and acts of misconduct arose from acts and omissions within the course and scope of their employment with the City and County of San Francisco.

38. All of the acts and omissions committed by Defendants were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages.

## COUNT I

**42 U.S.C. § 1983 claim for deprivation of liberty without due process of law and violation of right to a fair trial, under the Fourteenth Amendment Against All Defendants**

39. Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

40. Defendants failed to advise JOHN DOE of their conflict of interest, thereby violating JOHN DOE´s right to a fair trial and causing him to be deprived of his liberty without due process of law.

41. Rather than conduct an adequate investigation, Defendants, individually and in concert, acted in a manner that shocks the conscience and followed through with the unlawful prosecution of JOHN DOE, thereby depriving JOHN DOE of his right not to be deprived of liberty without due process of law.

42. In addition, Defendants, individually and in concert, in an effort to secure JOHN DOE's conviction without regard to his actual innocence, suppressed material, exculpatory information from JOHN DOE, and the prosecution in violation of the Constitution and *Brady v. Maryland.*

43. Defendants' actions, individually and cumulatively, played a direct and decisive role in the guilty plea and were highly prejudicial to JOHN DOE's defense. Had Defendants' misconduct been disclosed, the evidence would have tended to prove JOHN DOE´s innocence, cast doubt on the entire police investigation and prosecution, and most likely would have created a different result at trial.

44. The foregoing acts and omissions were deliberate, reckless, wanton, cruel, motivated by evil motive or intent, done in bad faith, and/or involved callous indifference to JOHN DOE´s federally protected rights. These acts were perpetrated while Defendants were acting in their capacities as employees or agents of the City and County of San Francisco and the State of California and under color of state law.

45. As a direct and proximate result of Defendants' actions, JOHN DOE was wrongly arrested, detained, prosecuted, convicted, sentenced to 100 days in the County Jail and three years of formal felony probation years and continues to suffer as a result of the grievous injuries and damages set forth above.

## COUNT II
**42 U.S.C. § 1983 Claim for Malicious Prosecution and Violation of the Fourth and Fourteenth Amendments Against All Defendants.**

46. Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

47. Defendants failed to advise JOHN DOE of their conflict of interest. Defendants were aware of this fact but nonetheless continued to advise JOHN DOE through the San Francisco Public Defender´s Office, and subsequently, Defendants intentionally continued to represent JOHN DOE on the basis of suppressed material, thereby effecting a continuing seizure of JOHN DOE in violation of his Fourth and Fourteenth Amendment rights.

48. The criminal proceedings against JOHN DOE were initiated on the basis of Defendants intentional and knowingly false accusations, suppression of exculpatory evidence, and other malicious conduct.

49. In falsely arresting JOHN DOE despite the absence of probable cause to believe he had committed a crime, Defendants deprived JOHN DOE of his liberty prior to the preliminary hearing, and in maliciously prosecuting him despite the absence of probable cause or existence of other evidence linking JOHN DOE to the crime, Defendants caused JOHN DOE to suffer the indignity of a public trial twice, the most severe continuing deprivation of liberty, 13 years and counting of emotional distress while exiled from his native San Francisco for a crime he did not commit, and the other injuries and damages set forth above.

50. The criminal proceedings against JOHN DOE were initiated with malice in that Defendants caused the charges against JOHN DOE to be filed by knowingly providing the prosecution misinformation, concealing exculpatory evidence, and otherwise engaging in wrongful and bad faith conduct that was actively instrumental in causing the initiation of the legal proceedings against JOHN DOE.

51. Defendants' wrongful prosecution of JOHN DOE, which was initiated with malice and without probable cause, and was brought for the purpose of denying JOHN DOE's constitutional rights, including his right to be free from unreasonable searches and seizures, and his right to not be deprived of liberty without due process of law.

52. As a direct and proximate result of Defendants' actions, JOHN DOE was wrongly prosecuted, detained, and incarcerated for over 100 days and continues to suffer other grievous injuries and damages set forth above.

## COUNT III

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim Against All Defendants.

**53.** Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further alleges as follows:

**54.** Defendants and others yet unknown agreed among themselves and others to act in concert to deprive JOHN DOE of his clearly established constitutional rights as protected by the Fourth, Fifth, and Fourteenth Amendments, including his right not to be deprived of liberty without due process of law and be free from illegal seizure.

**55.** As a direct and proximate result of Defendants' overt acts, JOHN DOE was and continues to be deprived of his constitutional rights; wrongly prosecuted, detained, and exiled for over 13 years; and subjected to other grievous injuries and damages as set forth above.

## COUNT V

### 42 U.S.C. § 1983 Supervisory Liability Claim
### Against All Defendants.

**56.** Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further allege as follows:

**57.** JOHN DOE's wrongful arrest, confinement, prosecution, trial, conviction, and incarceration was caused by the unconstitutional action and inaction of Defendants, acting in their individual capacities and under color of law.

**58.** Upon information and belief, Defendants directly participated in the misconduct that resulted in JOHN DOE's wrongful conviction, including but not limited to coercing, fabricating, or suggesting false identifications and suppressing exculpatory evidence.

**59.** Defendants knowingly refused to terminate the wrongful prosecution of JOHN DOE, which, upon information and belief, they knew or should have known had been initiated based on the coerced, fabricated, or suggested identifications and in spite of suppressed exculpatory information. As a result, Defendants knew or reasonably should have known that JOHN DOE's constitutional rights to be free from unreasonable seizure and not to be deprived of liberty without due process of law would be violated.

60. Defendants failed to adequately train, supervise, an/or control their subordinates, who obtained coerced, fabricated, or suggested identifications, and suppressed exculpatory information.

61. Defendants violated JOHN DOE's constitutional rights by acquiescing in the deprivation of JOHN DOE's constitutional rights by their subordinates, and by generally showing a reckless or callous indifference to JOHN DOE's rights.

62. Defendants failure to train, supervise, and/or control their subordinates, their indifference to the actions of their subordinates, and their indifference to JOHN DOE's rights, encouraged and permitted their subordinates to fabricate evidence and to fail to document and to disclose exculpatory evidence.

63. The actions and omissions of Defendants, in their individual capacities, caused JOHN DOE to suffer the constitutional deprivations and grievous personal injuries and damages described above.

## COUNT VI
**42 U.S.C. § 1983 Monell Claim Against the City and County of San Francisco, for Failure to Train, Supervise, and/or Discipline in Constitutionally Adequate Investigation Techniques, Identification Procedures, and/or Brady duties**

64. Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further allege as follows:

65. The City and County of San Francisco, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to train, supervise, and/or discipline their employees and agents, including Defendants, regarding constitutionally adequate investigation techniques.

66. The City and County of San Francisco, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to train, supervise, and/or discipline their employees and agents, including Defendants, regarding constitutionally proper identification procedures and to ensure that unreliable, discredited, and improper identification techniques were not utilized.

67. The City and County of San Francisco, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to train, supervise, and/or discipline

their employees and agents, including Defendants, regarding their obligations to document and disclose exculpatory evidence pursuant to their Brady obligations.

68. The unconstitutional customs, policies, patterns, and practices of the City and County of San Francisco have caused numerous individuals to be wrongfully convicted. In addition to JOHN DOE, individuals wrongfully convicted include:

69. John Tennison and Antoine Goff, convicted 1990, exonerated 2003: In 1989, Roderick Shannon was chased in his vehicle by a number of men, beaten, and ultimately shot to death by one of these men. A witness contacted SFPD inspectors and identified Lovinsky Ricard as the shooter, and also indicated that neither of Tennison nor Goff had been present at the scene of the incident. Inspectors failed to disclose the identification of Ricard or exculpatory information regarding Tennison and Goff. Inspectors also encouraged witnesses to identify Tennison and Goff as being involved in the crime by promising them a reward of $2,500 from a Secret Witness Program. Tennison and Goff were ultimately convicted. A month following the conviction, while post-trial motions were still being heard by the trial court, other officers arrested Ricard on unrelated drug charges, and questioned him. Ricard confessed to the Shannon murder in a videotaped statement, which officers failed to disclose to the prosecutor or defense attorney. This confession was only inadvertently revealed during a new trial motion hearing. Thirteen years later, a federal court, on the basis of this information, granted the two men habeas relief and they were released.

70. Maurice Caldwell, convicted 1991, exonerated 2011: In 1990, Judy Acosta was shot to death in the Alemany public housing project in San Francisco. A woman named Mary Cobb said that she saw two men shoot at a car and she did not know the names of the gunmen and that neither of them lived in the area. SFPD officers brought Caldwell in handcuffs to the building where Cobb lived and allowed her to see him. Cobb also saw Caldwell on one other occasion with police. Soon after that, police said Cobb identified Caldwell as one of the gunmen. Cobb was also heralded as a hero for defying alleged gang threats against testifying and given a key to the city of San Francisco as well as a trip to Disney World. She was also relocated, given a new job and $1,000. Caldwell was convicted solely on the testimony of Cobb and sentenced to life in prison without parole. In 2010, San Francisco Superior Court Judge Charles Haines granted a motion for new trial after lawyers from the Innocence Project presented evidence that it was physically

impossible for Cobb to have seen anyone under the light pole from her apartment and a sworn affidavit from Marritte Funches admitting that he committed the crime and that Caldwell was not involved. The San Francisco District Attorney ultimately dismissed the case on March 28, 2011 and Caldwell was released.

71. Caramond Conley, convicted 1994, exonerated 2011: In 1989, Roshawn Johnson and Charles Hughes were killed in a drive-by-shooting that left 11 others injured. Conley was convicted and sentenced to serve two life-without- parole terms. SFPD investigators knew that the prosecution's star witness, Clifford Polk, lied on the stand about whether he was being paid, but they did nothing to intervene. The lead investigator in the case, Earl Sanders, started paying Polk, an unemployed transient with a history of drug dealing, three months before Conley's trial. The payments totaled thousands of dollars, and police also provided Polk with the use of a house. San Francisco Superior Court Judge Marla Miller ruled in December 2010 that Conley had been wrongly convicted. He was released a month later.

72. These unconstitutional customs, policies, and practices of the City and County of San Francisco proximately and directly caused JOHN DOE's physical and constitutional injuries, including his false arrest, illegal confinement, unfair trial, wrongful conviction, and other damages described above.

## COUNT VII

**Claim under California Civil Code § 52.1 Against All Defendants.**

73. Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further allege as follows:

74. Defendants interfered or attempted to interfere with JOHN DOE's rights secured by the U.S. and California constitution and laws. These constitutional violations were accompanied by threats, intimidation, or coercion.

75. For example, Defendants used threats, intimidation, and/or coercion in an attempt to obtain the guilty plea of JOHN DOE.

76. As a direct and proximate result of Defendant threats, intimidation, and/or coercion, JOHN DOE was deprived of his constitutional rights; wrongly prosecuted, detained, and incarcerated for over six years; and subjected to other grievous injuries and damages as set forth above.

# COUNT VIII

**Claim under California State Law, Cal. Gov. Code § 815.2, for Respondent Superior and Vicarious Liability against the City and County of San Francisco**

77. Plaintiff hereby incorporates each of the allegations of this Complaint as if fully set forth herein, and further allege as follows:

78. JOHN DOE suffered the aforementioned injuries as a proximate result of the misconduct of the individual Defendants.

79. During all relevant times, Defendants were employees of the San Francisco Police Department, San Francisco District Attorney´s Office, San Francisco Public Defenders Office and the City and County of San Francisco.

80. The acts and omissions of Defendants that proximately caused JOHN DOE's injuries were within the scope of Defendants' employment with San Francisco Police Department, San Francisco District Attorney´s Office, San Francisco Public Defenders Office and the City and County of San Francisco.

# JURY DEMAND

81. Pursuant to the Seventh Amendment of the United States Constitution, JOHN DOE requests a jury trial on all issues and claims set forth in this Complaint.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JOHN DOE respectfully requests:

a. A trial by jury on each of the Plaintiff's claims;
b. That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in an amount to be determined at trial;
c. That the Court award punitive damages to Plaintiff, and against Defendants, in an amount to be determined at trial, in order to deter such conduct by Defendants in the future;
d. For pre-judgment and post-judgment interest and recovery of costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and
e. For any and all other relief to which he may be entitled.

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs herein individually and on behalf of all others similarly situated hereby demand a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil

DATED:  August 12, 2024                         LAW OFFICES OF MICHAEL E. REZNICK
                                                A Professional Corporation


                                                *By:  /s/Bryan Christopher Castaneda*
                                                     Bryan Christopher Castaneda

                                                Attorney for Plaintiff JOHN DOE, Individually.